```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JOSE MAGDALENO VIERA, SANTOS MINGLEY
MORALES RODRIGUEZ and BARTOLA RODRIGUEZ
GALO, individually and on behalf of all others similarly           COLLECTIVE ACTION
situated,                                                              COMPLAINT

                                  Plaintiffs,

               -against-                                                JURY TRIAL
                                                                        REQUESTED
TSLCJ LLC d/b/a JEWEL AUTO SPA, LAURENCE LYNCH
and STEFAN LYNCH, as individuals,

                                  Defendants.
-----------------------------------------------------------------------X
```

Plaintiffs, **JOSE MAGDALENO VIERA**, **SANTOS MINGLEY MORALES RODRIGUEZ and BARTOLA RODRIGUEZ GALO** individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiff") by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

### PRELIMINARY STATEMENT

1. Plaintiffs, through undersigned counsel, bring this action against **TSLCJ LLC d/b/a JEWEL AUTO SPA, LAURENCE LYNCH and STEFAN LYNCH, as individuals** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment with the Defendants located at 2789 N Jerusalem Rd, East Meadow, NY 11554.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiff's other state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

7. Plaintiff JOSE MAGDALENO VIERA residing at Roosevelt, NY 11575 was employed by TSLCJ LLC d/b/a JEWEL AUTO SPA, from in or around March 2021 until in or around March 2022.

8. Plaintiff SANTOS MINGLEY MORALES RODRIGUEZ residing at Hempstead, NY 11550 was employed by TSLCJ LLC d/b/a JEWEL AUTO SPA, from in or around March 2021 until in or around April 2022.

9. Plaintiff BARTOLA RODRIGUEZ GALO residing at Hempstead, NY 11550 was employed by TSLCJ LLC d/b/a JEWEL AUTO SPA, from in or around February 2022 until in or around June 2022.

10. Defendant, TSLCJ LLC d/b/a JEWEL AUTO SPA, is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office located at 2789 N Jerusalem Rd, East Meadow, NY 11554.

11. Upon information and belief, Defendants LAURENCE LYNCH and STEFAN LYNCH are the owners of TSLCJ LLC d/b/a JEWEL AUTO SPA.

12. Upon information and belief, Defendants LAURENCE LYNCH and STEFAN LYNCH are agents of TSLCJ LLC d/b/a JEWEL AUTO SPA.

13. Upon information and belief, Defendant LAURENCE LYNCH and STEFAN LYNCH are both responsible for overseeing the daily operations of TSLCJ LLC d/b/a JEWEL AUTO SPA.

14. Upon information and belief, Defendants LAURENCE LYNCH and STEFAN LYNCH have power and authority over all the final personnel decisions of TSLCJ LLC d/b/a JEWEL AUTO SPA.

15. Upon information and belief, Defendants LAURENCE LYNCH and STEFAN LYNCH have the power and authority over all final payroll decisions of TSLCJ LLC d/b/a JEWEL AUTO SPA, including the Plaintiffs.

16. Upon information and belief, Defendants LAURENCE LYNCH and STEFAN LYNCH have the exclusive final power to hire the employees of TSLCJ LLC d/b/a JEWEL AUTO SPA, including the Plaintiffs.

17. Upon information and belief, Defendants LAURENCE LYNCH and STEFAN LYNCH have exclusive final power over the firing and terminating of the employees of TSLCJ LLC d/b/a JEWEL AUTO SPA, including Plaintiffs.

18. Upon information and belief, Defendant LAURENCE LYNCH and STEFAN LYNCH are responsible for determining, establishing, and paying the wages of all employees of TSLCJ LLC d/b/a JEWEL AUTO SPA, including the Plaintiff, setting their work schedules, and maintaining all their employment records of the business.

19. Accordingly, at all relevant times hereto, Defendants LAURENCE LYNCH and STEFAN LYNCH were Plaintiffs' employer within the meaning and the intent of the FLSA, and the NYLL.

20. At all times relevant to the allegations contained in the complaint, Corporate Defendants were, and are, enterprises engaged in interstate commerce within the meaning of the FLSA in that TSLCJ LLC d/b/a JEWEL AUTO SPA, (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS
## JOSE MAGDALENO VIERA

21. Plaintiff JOSE MAGDALENO VIERA was employed by TSLCJ LLC d/b/a JEWEL AUTO SPA, as a car cleaner and driver while performing related miscellaneous duties for the Defendants, from in or around March 2021 until in or around March 2022.

22. Plaintiff JOSE MAGDALENO VIERA regularly worked approximately seven (7) days per week from in or around March 2021 until in or around March 2022.

23. Plaintiff regularly worked a schedule of shifts beginning at approximately 9:00 a.m. each workday and regularly ended at approximately 6:00 p.m., or later, approximately seven (7) days per week from in or around March 2021 until in or around March 2022.

24. Thus, Plaintiff was regularly required to work sixty-three (63) hours or more hours from in or around March 2021 until in or around March 2022.

25. Plaintiff JOSE MAGDALENO VIERA was paid by Defendants a flat hourly rate of approximately $15.00 per hour without regard for the number of hours worked from in or around March 2021 until in or around March 2022.

26. Although Plaintiff regularly worked sixty-three (63) hours or more hours each week, from in or March 2021 until in or around March 2022, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

## SANTOS MINGLEY MORALES RODRIGUEZ

27. Plaintiff SANTOS MINGLEY MORALES RODRIGUEZ was employed by TSLCJ LLC d/b/a JEWEL AUTO SPA, as a car cleaner while performing related miscellaneous duties for the Defendants, from in or around March 2021 until in or around April 2022.

28. During Plaintiff's employment with the Defendants, Plaintiff regularly worked three (3) days a week with total weekly hours of approximately twenty-seven (27) hours per week.

29. Plaintiff SANTOS MINGLEY MORALES RODRIGUEZ was paid by Defendants an hourly rate of approximately $13.00 per hour from in or around March 2021 until in or around April 2022.

30. Every pay day, Plaintiff would receive his wages both in cash and check. However, the hourly rate received by Plaintiff whenever he was paid in cash was $13.00 per hour.

31. Thus, Defendants failed to pay Plaintiff SANTOS MINGLEY MORALES RODRIGUEZ the legally prescribed minimum wage for his hours worked from in or around March 2021 until in or around April 2022, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

### BARTOLA RODRIGUEZ GALO

32. Plaintiff BARTOLA RODRIGUEZ GALO was employed by TSLCJ LLC d/b/a JEWEL AUTO SPA, as a car cleaner and driver while performing related miscellaneous duties for the Defendants, from in or around February 2022 until in or around June 2022.

33. Plaintiff BARTOLA RODRIGUEZ GALO regularly worked approximately seven (7) days per week during her employment with the Defendants.

34. Plaintiff regularly worked a schedule of shifts beginning at approximately 9:00 a.m. each workday and regularly ended at approximately 6:00 p.m., or later, approximately seven (7) days per week from in or around February 2022 until in or around June 2022.

35. Thus, Plaintiff was regularly required to work approximately sixty-three (63) hours or more hours each week from in or around February 2022 until in or around June 2022.

36. Plaintiff BARTOLA RODRIGUEZ GALO was paid by Defendants a flat hourly rate of approximately $13.00 per hour without regard for the number of hours worked from in or around February 2022 until in or around June 2022.

37. Although Plaintiff regularly worked sixty-three (63) hours or more hours each week, from in or February 2022 until in or around June 2022, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for her hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

5

38. Additionally, Defendants failed to pay Plaintiff BARTOLA RODRIGUEZ GALO the legally prescribed minimum wage for her hours worked from in or around February 2022 until in or around June 2022, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

39. Further, Plaintiff was not compensated at all for her last 2 days of employment by the Defendants.

## DEFENDANTS' VIOLATIONS UNDER NYLL COMMON TO ALL PLAINTIFFS

40. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

41. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

42. Additionally, Defendants willfully failed to provide Plaintiffs with a written notice, in English or Spanish, of their applicable regular rate of pay, regular pay day, and all such information as required by NYLL §195(1).

43. Upon information and belief, Defendants willfully failed to provide Plaintiffs with any wage statements, upon each payment of his wages, as required by NYLL §195(3).

44. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek statutory interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

45. Plaintiffs bring this action on behalf of themselves, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are hereafter, the "Collective Class."

46. Collective Class: All persons who are or have been employed by the Defendants as car cleaners, drivers or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for

Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

47. Upon information and belief, Defendants employed 10  20 employees or more during the relevant statutory period who Defendants subject(ed) to similar unlawful payment structures that violated applicable law.

48. Defendants suffered and permitted Plaintiff - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.

49. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

50. Defendants had knowledge that the Plaintiff and the Collective Class regularly performed work requiring overtime pay.

51. Defendants' conduct as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiff, as well as the Collective Class.

52. Defendants are liable under the FLSA for failing to properly compensate Plaintiff, and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

53. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

54. The claims of Plaintiff are typical of the claims of the whole putative class.

55. Plaintiff and their counsel will fairly and adequately protect the interests of the putative class.

56. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

57. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

58. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.

59. At all times relevant to this action, Plaintiffs were engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.

60. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

61. Defendants willfully failed to pay Plaintiffs' overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

62. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiffs.

63. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

64. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

65. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

66. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

67. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

68. Plaintiff re-allege and incorporate by reference all allegations contained in all preceding paragraphs.

69. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§2 and 651.

70. At all times relevant to this action, Defendants were employers within the meaning of the NYLL.

71. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

72. Defendants failed to credit or compensate Plaintiffs the applicable minimum hourly wage for all hours worked, in violation of the New York Minimum Wage Act, specifically NYLL §652.

73. Defendants failed to pay Plaintiffs the required minimum wage, which Plaintiff was entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3, et. Seq.

74. Due to Defendants' NYLL violations, Plaintiffs is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to his unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FOURTH CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

75. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

76. Defendants willfully failed to pay Plaintiffs' wages for hours worked in violation of 29 U.S.C. §206(a).

77. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiffs.

78. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FIFTH CAUSE OF ACTION
### Unpaid Wages Under The New York Labor Law

79. Plaintiffs incorporate by reference all allegations in all preceding paragraphs.

80. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

81. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

82. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from the Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with N.Y. Labor Law §198 (1-a).

## SIXTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

83. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

84. Defendants failed to provide Plaintiffs with wage statements, upon each payment of their wages, as required by NYLL §195(3).
85. Defendants are liable to Plaintiffs in the amount of $5,000 together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

86. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
87. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).
88. Defendants are liable to Plaintiffs in the amount of $5,000 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiffs' unpaid overtime wages;
c. Awarding Plaintiffs unpaid minimum wages;
d. Awarding Plaintiff's unpaid wages;
e. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
f. Awarding Plaintiffs prejudgment and post-judgment interest;
g. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all questions of fact raised by the complaint.

Dated: December 13, 2022
       Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSE MAGDALENO VIERA, SANTOS MINGLEY MORALES RODRIGUEZ and BARTOLA RODRIGUEZ GALO, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

TSLCJ LLC d/b/a JEWEL AUTO SPA, LAURENCE LYNCH and STEFAN LYNCH, as individuals,

Defendants,

## COLLECTIVE ACTION COMPLAINT

*Jury Trial Demanded*

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for the Plaintiffs*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

To:

**TSLCJ LLC d/b/a JEWEL AUTO SPA (DOS ID# 5947286)**
2789 N Jerusalem Rd, East Meadow, NY 11554

**LAURENCE LYNCH**
2789 N Jerusalem Rd, East Meadow, NY 11554

**STEFAN LYNCH**
2789 N Jerusalem Rd, East Meadow, NY 11554