

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415

Tel. (718) 263-9591 Fax. (718) 263-9598

February 3, 2025

**Via ECF**
The Honorable Arlene R. Lindsay, U.S.M.J.
United States District Court
Eastern District of New Yok
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    **_Viera et al v. TSLCJ LLC et al._**
                **Civil Docket No.: 22-cv-07558-NJC-ARL**

Dear Judge Lindsay,

      Our office represents Jose Magdaleno Viera ("Viera"), Santos Mingley Morales Rodriguez ("Rodriguez"), and Bartola Rodriguez Galo ("Galo"), individually and on behalf of all others similarly situated ("Plaintiffs") in this FLSA action, and we respectfully submit this motion jointly with counsel for TSLCJ d/b/a JEWEL AUTO SPA (hereinafter, "TSLCJ"), LAURENCE LYNCH and STEFAN LYNCH, as individuals, (collectively, "the Defendants"), requesting the Court's approval of the parties' Settlement Agreement. The terms of the parties' settlement agreement ("Settlement Agreement"), attached hereto as **Exhibit 1**, were reached after a lengthy negotiation process between experienced counsel.[1]

      The parties submit this motion in support of their position that the Settlement Agreement is fair and reasonable and does not raise any of the concerns cited in _Cheeks v. Freeport Pancake House, Inc_., 796 F.3d 199 (2d Cir. 2015). The parties address the monetary and non-monetary terms as well as Plaintiffs' counsel's requested attorneys' fees and respectfully request that the Court So Order or approve the Settlement Agreement.

      **I.**      **The Monetary Terms of the Settlement Agreement are Fair and Reasonable**

      **a. The Settlement Amount**

      The parties agreed to resolve all claims asserted in this action, including Plaintiffs' counsel's attorneys' fees, which are addressed below, for the global amount of $50,000.00.

      **b. Plaintiffs' Position**

---

[1] The parties are currently executing the settlement agreement and will supplement this motion with the fully executed settlement agreement within one (1) week.

Plaintiffs commenced this lawsuit alleging, *inter alia*, that they were not paid proper overtime rates of pay and minimum wages, in violation of the Fair Labor Standards Act (FLSA) and New York Labor Laws (NYLL).

### a. Plaintiff Jose Magdaleno Viera

Plaintiff Viera was employed by Defendants at TSLCJ from in or around March 2021 until in or around March 2022, with primary job duties and tasks as a car cleaner and driver, while performing related miscellaneous duties and tasks for the Defendants, at the instructions and orders of the individual Defendant. Plaintiff alleged he regularly worked approximately sixty-three (63) hours or more hours per week during his employment with the Defendants. Plaintiff further alleged that he was paid by Defendants a flat hourly rate of approximately $15.00 per for all hours worked throughout his employment with Defendants. Plaintiff alleged that he is owed about twenty-three (23) hours of unpaid overtime wages only per week from in or around March 2021 until in or around March 2022.

### b. Plaintiff Santos Mingley Morales Rodriguez

Plaintiff Rodriguez was employed by Defendants at TSLCJ from in or around March 2021 until in or around April 2022, with primary job duties and tasks as a car cleaner and driver, while performing related miscellaneous duties and tasks for the Defendants, at the instructions and orders of the individual Defendant. Plaintiff alleged he regularly worked approximately twenty-seven (27) hours per week during his employment with the Defendants. Plaintiff further alleged that he was paid by Defendants a flat hourly rate of approximately $13.00 per hour for all hours worked from in or around March 2021 until in or around March 2022. Plaintiff alleged that he is owed about twenty-three (23) hours of unpaid minimum wages only from in or around March 2021 until in or around April 2022.

### c. Plaintiff Bartola Rodriguez Galo

Plaintiff Galo was employed by Defendants at TSLCJ from in or around February 2022 until in or around June 2022, with primary job duties and tasks as a car cleaner and driver, while performing related miscellaneous duties and tasks for the Defendants, at the instructions and orders of the individual Defendant. Plaintiff alleged she regularly worked approximately sixty-three (63) hours or more hours per week during his employment with the Defendants. Plaintiff further alleged that she was paid by Defendants a flat hourly rate of approximately $13.00 per hour for all hours worked from in or around February 2022 until in or around June 2022. Plaintiff alleged that she is owed about twenty-three (23) hours of unpaid overtime per week from in or around February 2022 until in or around June 2022. Additionally, Plaintiff alleged that she was is owed minimum wages for all hours worked during her employment with Defendants.

In total, Plaintiffs alleged approximately $117,364.57 in unpaid wages (both minimum and overtime wages) including liquidated and statutory damages.

Prior to the settlement in this matter, Defendants provided some pay and employment records, relating to the Plaintiffs' claims during the relevant statutory period (the "Defendants' records"), however, there exist some issues that Plaintiffs raise with respect to the Defendants' records. As such, there were *bona fide* factual disputes over Plaintiffs' wage and hour claims.

Additionally, Defendants provided some documents regarding Defendants' financial hardship in this matter.

Although Plaintiffs were confident that they could prevail on all of their claims should this matter have proceeded to trial, Plaintiffs' preference was for a guaranteed outcome via Court-approved settlement. Settlement at this juncture avoids the inherent risks and costs of litigation and allow Plaintiffs to recover a substantial amount of their alleged unpaid wages claim – a figure strongly disputed by Defendants – in the near future as opposed to the uncertainty of recovery at a much later date in the future. Based on all of the above, Plaintiffs believe that the settlement is a fair and reasonable resolution as to their wage claims.

    **c. Defendants' Position**

    **d. The Settlement Amount is Fair and Reasonable**

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id*. (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id*. (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC,* 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

The parties have agreed to settle all claims asserted in this matter against Defendants for $50,000.00. The parties believe that this amount is reasonable considering Plaintiffs' claims and the Defendants' records provided in discovery for this matter. Moreover, the settlement amount was only achieved after months-long negotiation process between experienced counsel. The parties had genuine, bona fide disputes over the dates of Plaintiffs' employment, the hours worked by Plaintiffs, the pay received by Plaintiffs, but both sides negotiated in good faith to resolve these disputes with a fair and reasonable settlement amount.

**II.**     <u>**The Non-Monetary Terms of the Settlement Agreement are Fair and Reasonable**</u>

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).

Here, the release in Paragraph 6 of the Settlement Agreement is appropriately tailored to claims under the FLSA, NYLL and their associated regulations. The Release does not raise any concerns regarding unequal bargaining power between Plaintiffs and Defendants, and the Release is not overbroad such that there is a concern that Plaintiffs are releasing any and all possible claims against Defendants, including claims unrelated to the claims asserted in this action.

Furthermore, the Settlement Agreement does not contain any confidentiality provision that would otherwise preclude Plaintiffs from openly discussing their experiences litigating this matter as rejected by *Cheeks*.

As the Release is carefully drafted to comply with Second Circuit case law in FLSA matters and there is no confidentiality clause contained in the Settlement Agreement, the parties' position is that the non-monetary terms of the Settlement Agreement are also fair and reasonable and comport with the standards articulated in *Cheeks*.

### III.   Distribution to Plaintiff and Requested Attorneys' Fees and Expenses

#### a. Distribution to Plaintiff

The parties agreed to a global settlement of $50,000.00 to resolve all claims asserted against the Defendants in this action. If the Agreement is approved by the Court, Plaintiffs will recover $32,814.00 after the requested attorneys' fees and expenses.

#### b. Requested Attorneys' Fees and Expenses

Plaintiffs' counsel respectfully requests $779.00 for identifiable expenses, which include:

- the Eastern District of New York filing fee in this matter: $402.00
- the costs of service of the Summons and Complaint on all Defendants: $377.00; and

Additionally, Plaintiffs' counsel respectfully requests one-third of the settlement less the expenses ($49,221.00), or $16,407.00 in attorneys' fees, as agreed upon in Plaintiffs' retainer agreement with this firm. Therefore, if this request is approved, the total amount to be paid to the attorneys for their fees and expenses in this matter is $17,186.00.

As such, the settlement funds as broken down into its component parts is as follows:

**Settlement Amount:** $50,000.00
**Attorneys' Expenses:** $779.00
**Net Settlement Amount:** $49,221.00 ($50,000.00 - $779.00)
**Requested Attorneys' Fees:** $16,407.00 ($49,221.00 / 3)
**Total payable to Attorneys:** $17,186.00 ($16,407.00 + $779.00)
**Total payable to Plaintiff:** $32,814.00 ($50,000.00 - $17,186.00)

Plaintiffs' attorneys and their client have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207

(E.D.N.Y. Sept. 19, 2013).  Courts in this District typically approve a fee of one-third or less of the settlement amount. *See Santos v. Yellowstone Props, Inc*., 2016 WL 2757427 at *4 (S.D.N.Y. May 10, 2016).

This request for attorneys' fees is supported by the work performed by Plaintiffs' counsel throughout the litigation of both matters and the recovery secured through their efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiffs.

### IV.   Closing

In closing, the parties believe that the settlement amount and the terms of the Agreement are fair and reasonable. The settlement was the product of back-and-forth negotiations between experienced counsel. As such, we respectfully request that the Court approve the Settlement Agreement. We thank the Court for its consideration and remain available to provide any additional information.

Respectfully submitted,

/s/KatelynSchillaci

_____

Katelyn M. Schillaci, Esq.